UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS TERON,

Plaintiff,

-against-

BOZZUTO'S, INC. and RICKEY ELGIN POTEETE,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __2/23/2026___

25 Civ. 4451 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

On February 21, 2025, Carlos Teron initiated this personal injury action in New York State Supreme Court, Bronx County. *See* Summons and Compl., ECF No. 1-1. On April 16, 2025, Teron died in an incident unrelated to the personal injury matter. *See* Mangona Ltr., ECF No. 8. On May 28, 2025, Defendants removed this matter from state court to this Court on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

On June 2, 2025, the Court ordered Teron to file his motion for remand by June 30, 2025, because the Law Offices of Michael S. Lamonsoff PLLC ("Teron's prior counsel"), which represented Teron before he passed, informed the Court that removal was contested. *See* ECF No. 4. On August 1, 2025, the Court reset the briefing schedule, ordering the plaintiff to appear in the action and file any motion for remand by August 15, 2025. *See* ECF No. 6. By letter dated August 11, 2025, Teron's prior counsel indicated that no estate representative had been appointed for Teron and that it lacked authority to file the motion for remand. *See* ECF No. 8. It requested that the Court remand the action to state court pending the appointment of an estate administrator. *Id.* at 2. The Court subsequently ordered status updates in this matter regarding the creation of Teron's estate. *See, e.g.*, ECF Nos. 10, 12.

As of November 24, 2025, Teron's prior counsel had "not been contacted by the next of kin to [Teron], nor [had] they been retained by [his estate] to represent the [e]state's interests." Def. Ltr., ECF No. 13. On January 19, 2026, Teron's prior counsel stated it had "no intention nor any communication from the decedent's next-of-kin to represent his estate," and that the office "has sent letters by certified and regular mail to the decedent's brother and communicated with the mother of the decedent's two minor children regarding an estate being needed to continue with [the] action in State or federal Court." Pl. Ltr., ECF No. 15.

To date, there has been no indication that Teron's next-of-kin wishes to prosecute this action. Although Teron's family members have been informed of the pending lawsuit, *see* Pl. Ltr., no motion for substitution of a party, motion for remand, or motion to stay has been filed. Therefore, the Court shall proceed as if the Notice of Removal is uncontested, and this action has been removed to federal court. Under Federal Rule of Civil Procedure 25, if "a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1); *see also* Fed. R. Civ. P. 81(c)(1) (applying the Federal Rules of Civil Procedure "to a civil action after it is removed from a state court"). However, if the motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the

decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).  Accordingly, the case is DISMISSED without prejudice.

The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: February 23, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2